# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TRACY HURST-CASTL,

               Plaintiff,

    vs.

LONG TERM CAPITAL PARTNERSHIP VI, LLC, *et al.*,

               Defendants.

Case No.: 2:24-cv-02334-GMN-MDC

**ORDER**

       Pending before the Court is a Motion to Dismiss, (ECF No. 12), filed by Defendants Long Term Capital Partnership VI, LLC ("LTCP") and FCI Lender Services, Inc.  Because Plaintiff Tracy Hurst-Castl subsequently filed her First Amended Complaint ("FAC"), (ECF No. 20), the Court DENIES as MOOT the first Motion to Dismiss.

       Also pending before the Court is Plaintiff's Motion to Strike, (ECF No. 31).  Defendants filed a Response, (ECF No. 42), to which Plaintiff replied, (ECF No. 51).  Because Plaintiff was properly served, the Court DENIES the Motion to Strike.

       Further pending before the Court is Plaintiff's Motion to Take Discovery Prior to Ruling on Motion to Dismiss, (ECF No. 34).  Defendants filed a Response, (ECF No. 57).  Plaintiff did not file a Reply.  Because Defendants' Motion to Dismiss does not contain evidence that converts it into a Motion for Summary Judgment, the Court DENIES the Motion to Take Discovery Prior to Ruling on the operative Motion to Dismiss.

       Next, pending before the Court is Defendants' Motion to Dismiss the First Amended Complaint, (ECF No. 25).  Plaintiff filed a Response, (ECF No. 32), to which Defendants replied, (ECF No. 43).  Because Plaintiff's claims are barred by res judicata, the Court GRANTS Defendants' second Motion to Dismiss.

1    Lastly, pending before the Court are Plaintiff's Motions for Temporary Restraining

2    Order and Preliminary Injunction, (ECF Nos. 35, 40, 47, 48, 61, 62).  Defendants filed

3    Responses, (ECF Nos. 55, 56, 57).  Plaintiff filed a Reply, (ECF Nos. 64).  Because Plaintiff

4    cannot succeed on the merits of her claims, the Court DENIES her Motions for Temporary

5    Restraining Order and Preliminary Injunction.

6    **I.    BACKGROUND**

7    This action arises out of the foreclosure proceedings initiated against the property

8    located at 3910 White Fir Way, Las Vegas, Nevada, 89124, (the "Property"), formally known

9    as 123 Rainbow Canyon Blvd., Mt. Charleston, Nevada, 89124. (*See generally* FAC, ECF No.

10   20).  On June 1, 2007, Plaintiff obtained a mortgage from Washington Mutual Bank in the

11   principal amount of $2,250,000 to re-finance the Property. (*See generally* Promissory Note, Ex.

12   A to Req. Judicial Notice, ECF No. 14-1).  A Promissory Note was executed, as well as a Deed

13   of Trust that pledged the Property as security (the Deed of Trust and Promissory Note are

14   collectively referred to as the "Loan"). (*See id.*); (*see also* Deed of Trust, Ex. B. to Req. Judicial

15   Notice, ECF No. 14-2).  The Loan was assigned to various entities over the years and in April

16   2022, the interest in the Deed of Trust was transferred to Defendant LTCP. (*See* LTCP

17   Assignment Deed of Trust, Ex. I to Req. Judicial Notice, ECF No. 14-9).  Plaintiff disputes that

18   Defendants possess an interest in the Property. (*See generally* FAC).

19   Plaintiff defaulted on her loan a year after obtaining it. (*See* Default Notice, Ex. J to Req.

20   Judicial Notice, ECF No. 14-10).  Thereafter, Plaintiff initiated numerous bankruptcy

21   proceedings. (Case No. 10-20635-bam, Bankr. Dist. Nev.; Case No. 10-28140-bam, Bankr.

22   Dist. Nev.; Case No. 12-23874-btb, Bankr. Dist. Nev.; Case No. 23-10410-gs, Bankr. Dist.

23   Nev.).  Plaintiff also initiated several actions in Nevada state court challenging the Loan and the

24   Property's foreclosure. (Case No. A-15-724525-C; Case No. A-15-726907-J; Case No. A-16-

25   742267-C) (the "Quiet Title Action")).

In Plaintiff's most recent bankruptcy case, she filed for Chapter 11 Bankruptcy and challenged the validity of Defendants' interest in the Property. (FAC at 10–11). The bankruptcy court entered an order in June 2023, (the "Claim Allowance Order"), finding that Plaintiff had not presented sufficient evidence to overcome the presumptive validity of LTCP's claim, overruling Plaintiff's objection to the validity of it, and allowing LTCP's claim to proceed. (*See generally* Claim Allowance Order, Ex. P to Req. Judicial Notice, ECF No. 14-16). In November 2024, LTCP moved the bankruptcy court for relief from an automatic stay that was in place so that it could enforce the Deed of Trust and foreclose on the Property. (*See* Order re Stay, Ex. R to Req. Judicial Notice, ECF No. 14-18).

Plaintiff initiated this present matter in December 2024, challenging the validity of Defendants' interest in the Property. Although Plaintiff's current bankruptcy proceeding remains pending, the bankruptcy court granted LTCP's motion for relief from the automatic stay on January 31, 2025, finding that Plaintiff's current bankruptcy had been filed as part of a scheme to delay, hinder, and defraud LTCP and allowing LTCP to move forward with foreclosure. (*See id.*).

Plaintiff alleges 20 claims against Defendants, seeks declaratory and injunctive relief, and seeks damages. (*See generally* FAC). Defendants move to dismiss the FAC in its entirety. (*See generally* Mot. Dismiss, ECF No. 25).

## II.    **DISCUSSION**

The Court takes up each pending Motion in turn, beginning with Plaintiff's Motion to Strike.

### A.  **Plaintiff's Motion to Strike**

Plaintiff argues that certain filings should be stricken because Defendants failed to serve her with their Motion to Dismiss, (ECF No. 25), Response to Amended Complaint, (ECF No. 26), Request for Judicial Notice, (ECF No. 28), and the Court's Minute Order Regarding the

Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland*,[1] (ECF No. 29). (*See generally* Mot. Strike, ECF No. 31). Plaintiff asserts that she only became aware of the filings by logging on to PACER, the Court's online docketing system. (*Id.* 4:22).

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff does not put forth any arguments for how the filings at issue meet the Rule 12(f) standard. Instead, she relies on Rule 5(b), which in pertinent part states that service is proper by "mailing [the paper] to the person's last known address—in which event *service is complete upon mailing*." Fed. R. Civ. P. 5(b)(2)(C) (emphasis added). Plaintiff avers that she did not receive the filings and therefore service was improper, which warrants striking the filings at issue.[2] (*See generally* Mot. Strike).

Defendants assert that they served the Motion to Dismiss, (ECF No. 25), Response to Amended Complaint, (ECF No. 26), and Request for Judicial Notice, (ECF No. 28), via certified mail to the address Plaintiff provided to this Court as her mailing address. (Resp. 2:12, ECF No. 42); (*see generally* Flintz Decl., ECF No. 42-1). Plaintiff confirms that Defendants mailed the filings to her, but they were initially returned "undelivered" and "unsigned." (*See* Reply 2:26–3:6, ECF No. 51). Importantly, service is complete upon mailing the papers regardless of whether Plaintiff ultimately received them. *See S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 928 (9th Cir. 2014) (explaining that service is not necessarily deficient "even if it is assumed that, for some reason, the motion was not ultimately conveyed to" the intended recipient). Thus, Defendants properly served Plaintiff via certified mail and her Motion to Strike is DENIED.

---

[1] Plaintiff mistakenly asserts that Defendants filed the Minute Order, (ECF No. 29). (*See* Mot. Strike 4:27). Only the Court can enter Minute Orders. Moreover, a defendant does not serve a plaintiff with a court order or minute order. The Court DENIES Plaintiff's request to strike its Minute Order.

[2] Plaintiff confirms in her Reply that she eventually received the filings via mail after Defendants re-mailed them to her. (*See generally* Reply, ECF No. 51).

**B. Plaintiff's Motion to Take Discovery Prior to Ruling on Motion to Dismiss**

Next, Plaintiff moves the Court to defer ruling on the Motion to Dismiss under Rule 56(d). (*See generally* Mot. Disc., ECF No. 34). Plaintiff states that discovery would allow her to (1) obtain documents related to the exhibits Defendants attach to their Motion to Dismiss, (2) discover facts pertaining to who possesses the original mortgage Promissory Note, (3) depose relevant witnesses, and (4) obtain various documents and communications that would identify who possesses the original mortgage Promissory Note. (*See id*. 6:8–7:7).

"Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co*., 685 F.3d 887, 899 (9th Cir. 2012) (quoting Fed. R. Civ. P. 56(d)). A party seeking Rule 56(d) relief bears the burden of showing that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp*., 525 F.3d 822, 827 (9th Cir. 2008). A Rule 56(d) motion, allows courts to "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

As a threshold matter, courts in this district have held that Rule 56(d) does not apply to Motions to Dismiss. *See, e.g., Martin v. James River Ins. Co*., 366 F. Supp. 3d 1186, 1189 (D. Nev. 2019) ("Rule 56(d) applies to summary judgment, not dismissal."); *Engel v. United States*, 702 F. Supp. 3d 986, 999 (D. Nev. 2023) ("Rule 56(d) does not apply to motions to dismiss."); *O'Shaughnessy v. United States*, No. 2:22-cv-01039-WQH-EJY, 2023 WL 8018292, at *8 (D. Nev. Nov. 20, 2023) (same).

While Rule 56(d) does not apply to motions to dismiss, "[a] motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary

1    judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss

2    submits materials outside the pleadings in support or opposition to the motion, and if the

3    district court relies on those materials." *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.

4    1996); *see also* Fed. R. Civ. P. 12(d). However, as discussed in more detail below, conversion

5    of Defendants' Motion to Dismiss into a motion for summary judgment is not appropriate in

6    this case because the parties do not submit, and the Court does not consider, any extrinsic

7    evidence that is not properly subject to judicial notice. *See* Fed. R. Civ. P. 12(d); *Lee v. City of*

8    *Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *abrogated on other grounds as stated in*

9    *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (quoting *MGIC Indem. Corp. v.*

10   *Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("A court may take judicial notice of 'matters of

11   public record' without converting a motion to dismiss into a motion for summary judgment.").

12   Accordingly, Plaintiff's Motion to Take Discovery Prior to Ruling on Motion to Dismiss is

13   DENIED.

14   **C. Judicial Notice[3]**

15        Defendants filed a Request for Judicial Notice, (ECF No. 14), along with two

16   Supplements, (ECF No. 28, 60), to the original request. A court may take judicial notice of a

17   fact that is "not subject to reasonable dispute" in that the fact "(1) is generally known within the

18   trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources

19   whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Otherwise, if the

20   district court considers materials outside of the pleadings, the motion to dismiss is converted

21   into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261

22   F.3d 912, 925 (9th Cir. 2001).

23   _____

24   [3] Plaintiff also filed two Requests for Judicial Notice, (ECF Nos. 44, 46). The Court finds that the documents are
either matters of public record or are otherwise proper for judicial notice. As such, the Court takes judicial

25   notice of the documents, but it does not take judicial notice of any disputed facts stated in those documents,
including Plaintiff's assertion that the Recorded Notice of Default and Election to Sell Under Deed of Trust are
"facially defective." (*See* Pl.'s Req. Judicial Notice, ECF No. 46).

### 1. Documents Incorporated by Reference and Publicly Recorded Documents

Courts may take judicial notice of documents that are incorporated by reference into a complaint, even if not attached to the same, if (1) "the complaint refers to the document," (2) "the document is central to the plaintiff's claims," and (3) "the authenticity of the document is undisputed." *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The Court may also take judicial notice of matters of public record, including publicly recorded documents. *See Interstate Nat. Gas Co. v. S. California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953); *see also Toromanova v. First Am. Tr. Servicing Sols. LLC*, No. 2:18-cv-01482-APG-VCF, 2019 WL 2996906, at *2 (D. Nev. July 9, 2019) (taking judicial notice of certain documents recorded against real property).

Defendants request that the Court take judicial notice of several documents that are either referenced in Plaintiff's FAC or are matters of public record. (*See generally* Exs. A–L, N, Q, S to Req. Judicial Notice, ECF Nos. 14-1–14-12, 14-12, 14-17, 14-19); (*see also* Second Suppl. Req. Judicial Notice, ECF No. 60).  Plaintiff's FAC references the Promissory Note and Deed of Trust, and does not dispute the authenticity of those documents, both of which are central to Plaintiff's claims. (*See generally* FAC).  Additionally, the Deed of Trust and other property records are documents recorded with the Clark County Recorder's Office and, therefore, are matters of public record, the authenticity of which may be readily and accurately determined.  Plaintiff does not dispute the authenticity of any of the documents but argues that the Recorded Notice of Default and Election to Sell Under Deed of Trust are "facially defective." (*See* Pl.'s Req. Judicial Notice, ECF No. 46).  Accordingly, the Court takes judicial notice of the documents Defendants attach that are either referenced in the FAC or are matters of public record.  But again, the Court does not take judicial notice of any disputed facts stated in those documents.

### 2. Court Documents

Judicial opinions, other court records, and matters of public record are properly subject to judicial notice. *Lee*, 250 F.3d at 689–90. Specifically, the Court may judicially notice the existence of another court's decision—which includes the stated reasoning of the authoring court as well as the date of the decision—and other filings made in the case, but not the facts recited in that decision or other filings. *Id.* Courts are especially warranted in taking judicial notice of related proceedings in another (or the same) court if those proceedings have a "direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992).

Defendants request judicial notice of court documents from related cases involving Plaintiff and the Property. (*See generally* Exs. M, O, P, R to Req. Judicial Notice, ECF Nos. 14-13, 14-15, 14-16, 14-18); (*see also* Suppl. Req. Judicial Notice, ECF No. 28). Because the accuracy of these documents does not appear to be subject to reasonable dispute, the Court takes judicial notice of the court documents, but not the facts recited in them.

### D. Defendants' Motion to Dismiss

The Court now turns to the pending Motion to Dismiss.

### 1. Legal Standard

Dismissal is appropriate under FRCP 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating a motion to dismiss, courts may consider the pleadings, documents attached to the pleadings, and matters subject to judicial notice. *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Moreover, courts "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant. . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### 2. Analysis

Defendants move to dismiss Plaintiff's FAC, arguing that all of Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel. (Mot. Dismiss 2:8–9). Alternatively, Defendants argue that Plaintiff's claims fail as a matter of law. (*Id.* 2:13–14). Because the Court grants Defendants' Motion to Dismiss on their first argument, it does not address their alternative argument for dismissal.

Claim preclusion under the doctrine of res judicata applies when "a final judgment on the merits bars further claims by the same parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *accord Tahoe-Sierra Pres.*

1   *Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).  It prohibits the

2   re-litigation of any claims that were raised or could have been raised in a prior action. *Western*

3   *Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  Res judicata applies

4   when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or

5   privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  The

6   Ninth Circuit has noted that "allowance . . . of 'a claim in bankruptcy is binding and conclusive

7   on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a

8   plea of res judicata.'" *Siegel v. Fed. Home Loan Mortg. Corp*., 143 F.3d 525, 529 (9th Cir.

9   1998) (quoting *United States v. Coast Wineries, Inc*., 131 F.2d 643, 648 (9th Cir. 1942)).

10          Plaintiff does not put forth any arguments or rebuttals regarding elements one and three.

11   (*See generally* Resp.); *see* LR 7-2 ("The failure of an opposing party to file points and

12   authorities in response to any motion . . .  constitutes a consent to the granting of the motion.").

13   But she does argue that res judicata does not bar her claims because her former claims were not

14   adjudicated on the merits in the Quiet Title Action nor in the Claim Allowance Order. (Resp.

15   12:4–5).  Because only one element is contested, the Court need only address whether a final

16   judgment on the merits was entered in the prior proceedings.

17          The Quiet Title Action reached a final judgment on the merits when the judge entered

18   his "Findings of Fact, Conclusions of Law, and Judgment."  The court found that the

19   Promissory Note and Deed of Trust were valid and enforceable, and rejected Plaintiff's

20   argument that her signature on the Promissory Note had been forged. (*See* Quiet Title Action

21   Order at 10, Ex. M to Req. Judicial Notice, ECF No. 14-13).  Moreover, Plaintiff's appeal of

22   that order was dismissed. (*See* Tr. of Oral Ruling re: Motion for Relief from Stay at 28, Ex. A

23   to Supp. Req. Judicial Notice, ECF No. 28-1).  This order was a final judgment on the merits

24   that precludes any attempt by Plaintiff to challenge the validity of the Promissory Note and

25

Deed of Trust, or the validity of the transfer to PennyMac, which was eventually transferred to Defendant LTCP.

In addition, the Court finds that the bankruptcy court entered a final judgment on the merits in its "Claim Allowance Order." The order overruled Plaintiff's objection and held that Defendant LTCP has a valid claim against Plaintiff secured by the Property. (*See* Claim Allowance Order, Ex. P to Req. Judicial Notice). Accordingly, this order is sufficient to satisfy the second res judicata element. *See Siegel,* 143 F.3d at 529 (further citation omitted) ("[W]e held that the allowance or disallowance of a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata."). But Plaintiff argues that this order cannot form the basis for res judicata because it was procured by fraud. (*See* Resp. 5:16–28).

Indeed, fraud can be an exception to the doctrine of res judicata, and such exception applies only where the fraud is extrinsic or collateral to the matters involved in the action. *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir. 1978). "In order to be considered extrinsic fraud, the alleged fraud must be such that it prevents a party from having an opportunity to present his claim or defense in court, or deprives a party of his right to a day in court." *Id.* (internal citations and quotations omitted). "The basic requirement for invoking the extrinsic fraud exception is that there has been no fair adversary trial at law, either because the aggrieved party was kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense." *In re Lake*, 202 B.R. 751, 758 (9th Cir. BAP 1996) (citing *U.S. v. Throckmorton*, 98 U.S. 61, 65 (1878)).

Here, despite Plaintiff's assertion that "[a]ll previous court orders were obtained by fraud," the Court finds that there is no plausible way she can argue that she was "kept in ignorance of the action or proceeding." (Resp. 4:14–15); *In re Lake*, 202 B.R. at 758. In fact, as Defendants point out, Plaintiff initiated the 2016 Quiet Title Action and the 2023 bankruptcy

proceeding herself.  Likewise, Plaintiff has not been "fraudulently prevented from presenting her claims." *In re Lake*, 202 B.R. at 758.  Indeed, Plaintiff's allegations of fraud are reiterations of her claims challenging the validity of the Promissory Note and Deed of Trust, which she has asserted since 2016.  The fraud and misrepresentation that Plaintiff alleges were litigated in the previous actions.  Therefore, the alleged fraud is not extrinsic, and does not exempt Plaintiff's instant claims from res judicata. *See Fuleihan v. Wells Fargo Bank, N.A.*, No. 2:13-CV-1145 JCM NJK, 2013 WL 6409888, at *5 (D. Nev. Dec. 6, 2013), *aff'd sub nom. Fuleihan v. Wells Fargo Bank*, *NA*, 667 F. App'x 977 (9th Cir. 2016).

In conclusion, this action is barred by res judicata.  After considering all the Parties' arguments and filings, the Court GRANTS Defendants' second Motion to Dismiss.  Because amendment would be futile, the Court does not give Plaintiff leave to amend her FAC.

**E.  Plaintiff's Motions for Temporary Restraining Orders and Preliminary Injunctions**

Lastly, the Court addresses Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction, (ECF Nos. 35, 40, 47, 48, 61, 62).

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a Motion for Temporary Restraining Order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc*., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).  A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the

absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

As the Court discussed above, Plaintiff has failed to meet her burden of establishing a likelihood of success on the merits because her claims are barred by res judicata. Therefore, the Court must deny Plaintiff's Motions for Temporary Restraining Order and Motions for Preliminary Injunction.[4]

## III.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' first Motion to Dismiss, (ECF No. 12), is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 31), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Take Discovery Prior to Ruling on Motion to Dismiss, (ECF No. 34), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' second Motion to Dismiss, (ECF No. 25), is **GRANTED**.

---

[4] Plaintiff filed multiple Motions to Seal, (ECF Nos. 49, 63, 65), regarding specific content in her Motions for Temporary Restraining Order and Motions for Preliminary Injunction. "[A] party seeking to seal a judicial record. . . bears the burden of overcoming [the] strong presumption [that records and documents are public] by meeting the 'compelling reasons' standard." *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016) (citation omitted); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Plaintiff seeks to seal sensitive medical information. Thus, for compelling reasons, the Court GRANTS Plaintiff's Motions to Seal.

1    **IT IS FURTHER ORDERED** that Plaintiff's Motions for Temporary Restraining

2  Order and Preliminary Injunction, (ECF Nos. 35, 40, 47, 48, 61, 62), are **DENIED**.

3    **IT IS FURTHER ORDERED** that for compelling reasons, Plaintiff's Motions to Seal,

4  (ECF Nos. 49, 63, 65), are **GRANTED**.

5    **IT IS FURTHER ORDERED** that all other pending motions are **DENIED as MOOT**.

6  The Clerk of Court is kindly directed to close the case.

7    **DATED** this __30__ day of April, 2025.

8

9    _____

10    Gloria M. Navarro, District Judge
      United States District Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25