UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRACY HURST-CASTL,<br><br>                    Plaintiff,<br>    vs.<br><br>LONG TERM CAPITAL PARTNERSHIP VI, LLC, *et al.*,<br><br>                    Defendants. | Case No.: 2:24-cv-02334-GMN-MDC<br><br>**ORDER** |

Pending before the Court is the Motion for Reconsideration, (ECF No. 71), filed by Plaintiff Tracy Hurst-Castl. Defendants Long Term Capital Partnership VI, LLC and FCI Lender Services, Inc. filed a Response, (ECF No. 74), to which Plaintiff replied, (ECF No. 76). For the reasons discussed below, the Court DENIES the Motion for Reconsideration.

Further pending before the Court is the Motion to Stay Judgment, (ECF No. 72), filed by Plaintiff. Defendants filed a Response, (ECF No. 74), to which Plaintiff replied, (ECF No. 76). For the reasons discussed below, the Court DENIES the Motion to Stay Judgment.

Also pending before the Court is the Motion to Stay All Post-Foreclosure Activities, (ECF No. 78), filed by Plaintiff. Defendants filed a Response, (ECF No. 84), to which Plaintiff replied, (ECF No. 87). For the reasons discussed below, the Court DENIES as MOOT the Motion to Stay All Post-Foreclosure Activities.

Further pending before the Court is the Motion to Compel, (ECF No. 79), filed by Plaintiff. Defendants filed a Response, (ECF No. 85), to which Plaintiff replied, (ECF No. 87). For the reasons discussed below, the Court DENIES as MOOT the Motion to Compel.

Also pending before the Court is the Motion to Vacate, (ECF No. 81), filed by Plaintiff. Defendants filed a Response, (ECF No. 86), to which Plaintiff replied, (ECF No. 87). For the

reasons discussed below, the Court DENIES the Motion to Stay All Post-Foreclosure Activities.

Lastly, pending before the Court is the Ex Parte Motion to Cure Declaration Defect and Renew Request for Stay of Post-Foreclosure Activity, (ECF No. 88).  For the reasons discussed below, the Court DENIES this motion as MOOT.

## I. BACKGROUND

This action arose out of foreclosure proceedings initiated against the property located at 3910 White Fir Way, Las Vegas, Nevada, 89124, formally known as 123 Rainbow Canyon Blvd., Mt. Charleston, Nevada, 89124. (*See generally* FAC, ECF No. 20).  This case closed on April 30, 2025, when the Court granted Defendants' Motion to Dismiss. (*See* Order, ECF No. 69).  Despite this, Plaintiff continues to pepper the docket with filings.

## II. DISCUSSION

The Court notes at the outset that it does not consider any of Plaintiff's supplemental filings and they are STRICKEN from the docket for violating LR 7-2(g) ("Supplementation prohibited without leave of court. . . The judge may strike supplemental filings made without leave of court.").[1] The Court now takes up each pending motion in turn, beginning with Plaintiff's Motion for Reconsideration.

### A. Motion for Reconsideration

Pursuant to Rule 59, a district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error, or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Further, a "Rule 59(e) motion may not be used to

---

[1] The following documents were filed without leave of court and are thus STRICKEN from the docket: ECF Nos. 73, 75, 77, 82, 83, and 90.

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.  Moreover, Rule 60(b) permits a court to grant relief from a final order on a showing of mistake, surprise, or excusable neglect, Rule 60(b)(1); newly discovered evidence, Rule 60(b)(2); fraud, Rule 60(b)(3); a void judgment, Rule 60(b)(4); a satisfied or discharged judgment, Rule 60(b)(5); or other circumstances justifying relief, Rule 60(b)(6).  "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1.  "Motions for reconsideration are disfavored." *Id.*  Having reviewed the briefing, the Court finds that Plaintiff fails to succeed on the merits of her motion. Accordingly, the Motion for Reconsideration is DENIED.

**B. Motion to Stay Judgment**

Plaintiff next moves the Court to stay enforcement of the judgment entered in its Order granting Defendant's Motion to Dismiss. (*See generally* Mot. Stay J., ECF No. 72).  But the Order did not enter judgment, it dismissed Plaintiff's claims and closed the case.  Thus, there is no judgment to stay, and the Motion to Stay Judgment is DENIED.

**C. Motion to Vacate**

Next, Plaintiff moves to vacate the Order granting Defendant's Motion to Dismiss, arguing that Defendants lack standing and thus the Court does not have subject matter jurisdiction over the case. (*See generally* Mot. Vacate, ECF No. 81).  Plaintiff further avers that Defendants committed fraud on the Court. (*Id.*).

As to the first argument, a defendant is not required to have standing. *See e.g.*, *Williams v. Rickard*, No. CIV. 09-00535 SOM KS, 2011 WL 2116995, at *6 (D. Haw. May 25, 2011) ("'Standing' is a plaintiff's requirement, and [the plaintiff] misconstrues the concept in arguing that Defendants must establish "standing" to defend themselves.").  To the extent Plaintiff's

argument is rooted in her belief that Defendants do not have an interest in the property at issue, the Court finds that she seeks to relitigate her quiet-title theories that have been dismissed.

As to the second argument, Plaintiff fails to present any evidence that Defendants committed fraud on the Court. Plaintiff's Motion to Vacate is thus **DENIED**. Moreover, because the Motion to Vacate is dispositive of Plaintiff's Motion to Stay All Post-Foreclosure Activities, Motion to Compel, and Ex Parte Motion to Cure Declaration Defect and Renew Request for Stay of Post-Foreclosure Eviction Activities, the Court **DENIES** those motions as **MOOT**.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 71), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Judgment, (ECF No. 72), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate, (ECF No. 81), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay All Post-Foreclosure Activities, (ECF No. 78), is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel, (ECF No. 79), is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Ex Parte Motion to Cure Declaration Defect and Renew Request for Stay of Post-Foreclosure Activity, (ECF No. 88), is **DENIED as MOOT.**

///
///
///

**IT IS FURTHER ORDERED** that the following documents are **STRICKEN** from the docket: ECF Nos. 73, 75, 77, 82, 83, and 90.

**DATED** this ___7___ day of November, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court